FRANK H. MATHEWS, AS CHIEF OF POLICE, *Plaintiff in Error*, v. H. HOLLOWAY, *Defendant in Error*.

Opinion Filed January 19, 1922.

## INTOXICATING LIQUORS—SALE DEFINED—CHARGING SALE.

Under an ordinance of a city that provides: "That whoever sells or causes to be sold, either for money or other valuable consideration, any spirituous, vinous or malt liquors in the City of West Palm Beach, Florida, shall be punished," etc., an affidavit that alleges: "That the defendant on a named date in the city aforesaid did violate the ordinance by causing intoxicating liquor to be sold in the City of West Palm Beach, Florida, contrary to the law in such cases," etc., sufficiently charges a violation of the ordinance, though it omits to charge that the sale alleged was "either for money or other valuable consideration" in the language of the ordinance, since an allegation that a person *sold* a thing, necessarily includes the allegation that he sold it *for money*.

A Writ of Error to the Circuit Court for Palm Beach County; E. C. Davis, Judge.

Judgment reversed.

*Blackwell, Donnell & McCracken,* for Plaintiff in Error;

*C. D. Abbott,* for Defendant in Error.

TAYLOR, J.—On the 23rd of December, 1919, the City of West Palm Beach adopted an ordinance, Section one of which is as follows:

"That whoever sells or causes to be sold, either for money or other valuable consideration, any spirituous, vinous or malt liquors in the City of West Palm Beach, Florida, shall be punished by a fine of not more than Five Hundred ($500.00) Dollars, or by imprisonment for not more than sixty days, or by both such fine and imprisonment in the discretion of the court."

On the following affidavit:

"State of Florida,
Palm Beach County,
City of West Palm Beach.

Before me, A. M. Lopez, the Clerk in and for said City of West Palm Beach, personally appeared Capt. Leonard Bailey, who being duly sworn, says that one H. Holloway, on the 15th day of September, A. D. 1921, in the City aforesaid, did violate the ordinance by causing intoxicating liquor to be sold in the City of West Palm Beach Florida, contrary to the law in such cases made and provided, and against the peace and dignity of the City of West Palm Beach."

Upon this affidavit the defendant, Holloway, was tried before the municipal court, pleaded guilty to the charge, and was sentenced to both fine and imprisonment, and was committed to the city jail until such sentence was executed.

Thereafter, the said defendant, Holloway sued out a writ of habeas corpus from the Circuit Court of Palm Beach County, alleging therein that said ordinance was void and that his conviction was not for any crime known to the law and that he was unlawfully detained in custody.

Upon the hearing of the habeas corpus proceeding, the Circuit Judge discharged the defendant from further custody. Under our statute the Chief of Police of said city, having custody of said defendant, applied for and obtained a writ of error from this court to review the said judgment in said habeas corpus proceeding.

The chief contention urged against the validity of the conviction is that the affidavit upon which the trial was had charging that the defendant did cause intoxicating liquors to be sold omits to state in the language of the ordinance that such sale was made "for money or other valuable consideration," and the Circuit Judge seems to have agreed with this contention.

The Circuit Court erred in its judgment discharging the defendant. The use of the technical word "sale" or "sold" in the charging affidavit, necessarily carried with it as part of the meaning of the word "sale" the idea that such sale was in consideration of money or other valuable thing.

Mr. Benjamin, in Section one of the (6th ed.), of his great work on sales, defines the word sale to be "a transfer of the absolute or general property in a thing for a price in money. Hence it follows that to constitute a valid sale, there must be a concurrence of the following elements, viz: (1) Parties competent; (2) mutual assent; (3) a thing, the absolute or general property in which is

transferred from the seller to the buyer; and (4) a price in money paid or promised.''

So that when it is alleged that a person *sold* a thing, it necessarily includes the allegation that he sold it *for money.*

If a party exchanges a horse for another horse, or gives goods for their value in labor, or for rents due; these latter transactions are not *sales,* but barter.

The judgment of the Circuit Court in said habeas corpus case is hereby reversed at the cost of the defendant in error.

BROWNE, C. J., AND WHITFIELD, ELLIS AND WEST, J. J., concur.