277 So.2d 843 (1973)
ALLSTATE MORTGAGE CORPORATION OF FLORIDA and Inca International CORP., a Florida Corporation, D/B/a Inca Marine Constructors, Appellants,
v.
Shirley STRASSER, a Free Dealer, Appellee.
No. 72-737.
District Court of Appeal of Florida, Third District.
April 17, 1973.
Rehearing Denied June 11, 1973.
*844 Elliot L. Miller, Arthur Lee Willner, Miami, for appellants.
Walter S. Mackauf, Miami Beach, for appellee.
Before PEARSON and HAVERFIELD, JJ., and LESTER, M. IGNATIUS, Associate Judge.
LESTER, M. IGNATIUS, Associate Judge.
The Appellee, Shirley Strasser, was the owner of certain real property located in Miami Beach, Florida. A mechanic's lien was filed against said property and a final judgment of foreclosure was entered against her. When she failed to satisfy the judgment, the real property was offered for public sale, at which the Appellant, Allstate Mortgage Corporation of Florida, was the high bidder. Thereafter, subsequent to the day of sale but prior to expiration of the ten days for filing objections to the sale, the trial court entered its order permitting Shirley Strasser to redeem the property, which she did.
The sole question presented by this appeal is whether or not the trial court erred in ordering redemption subsequent to the day of sale, in view of the amendment to § 45.031(1), Fla. Stat., F.S.A., effective January 1, 1972, which reads in part as follows:
"In cases when a person has an equity of redemption, the court shall not specify a time for redemption, but the person may redeem the property at any time before the sale."
The Appellant contends that, pursuant to this amendment, no redemption may be granted subsequent to the day of sale. We disagree.
Prior to the amendment to § 45.031(1), Fla. Stat., F.S.A., no mention was made regarding the right of redemption. The courts therefore recognized an inherent right of redemption which could be exercised at any time prior to entry of the order confirming the sale, unless otherwise directed by the trial court. Quinn Plumbing Company v. New Miami Shores Corporation, 100 Fla. 413, 129 So. 690; Huss v. Prudential Insurance Company of America, 123 Fla. 20, 165 So. 896; Holloway v. Sewell, 140 Fla. 464, 191 So. 825; Rosen v. Hunter, Fla.App. 1969, 227 So.2d 689. This right of redemption evolved from the *845 common law. Connor v. Connor, 59 Fla. 467, 52 So. 727.
§ 45.031(1), Fla. Stat., F.S.A., as now amended is clearly in derogation of the common law and must be strictly construed. However, it will not be interpreted to displace the common law further than is clearly necessary. Bryan v. Landis, 106 Fla. 19, 142 So. 650. The courts will infer such a statute was not intended to make any alteration other than was specified and plainly pronounced in clear unequivocal terms. Ex parte Amos, 93 Fla. 5, 112 So. 289; Bryan v. Landis, supra; Hialeah v. State, 136 Fla. 498, 183 So. 745, 6 Fla.Jur., Common & Civil Law, § 8. Inasmuch as that portion of the statute pertaining to time of redemption does not clearly change the common law right of redemption up until confirmation of the sale, we must hold the common law rule prevails. Furthermore, in enacting this statute, the Legislature failed to define or indicate the intended meaning of the word "sale". Therefore, it is necessary that we do so.
Webster defines "sale" as "a contract whereby the absolute or general ownership of property is transferred from one person to another for a price or sum of money, or, loosely, for any consideration."
A sale has similarly been defined in Edwards v. Baldwin Piano Company, 79 Fla. 143, 83 So. 915; Mathews v. Holloway, 83 Fla. 30, 90 So. 924; State v. Livingston, 159 Fla. 63, 30 So.2d 740. In accordance therewith, a judicial sale has been held not to be final and complete until confirmed by the trial court. MacFarlane v. MacFarlane, 50 Fla. 570, 39 So. 995. Inasmuch as the Legislature is presumed to know the meanings of words and rules of grammar [State ex rel. Hanbury v. Tunnicliffe, 98 Fla. 731, 124 So. 279], we hereby find that the Legislature intended to adopt the recognized meaning of the word "sale" and that the sale did not take place until ownership of the property was transferred. Said transfer takes place according to § 45.031 (3), Fla. Stat., F.S.A., ten days after the day of the sale, upon no objections being filed thereto and issuance of the certificate of title.
Based on the foregoing, we find the trial court had the power to grant a right of redemption up until the issuance of a certificate of title. As the order of redemption in the case sub judice was entered prior to the issuance of the certificate of title, the order appealed is hereby affirmed.
Affirmed.