286 So.2d 201 (1973)
ALLSTATE MORTGAGE CORPORATION OF FLORIDA, Petitioner,
v.
Shirley STRASSER et al., Respondents.
No. 44012.
Supreme Court of Florida.
November 28, 1973.
Elliot L. Miller, Miami, for petitioner.
Walter S. Mackauf, Miami Beach, for respondents.
McCAIN, Justice.
This cause is before us to review the decision of the Third District Court of Appeal reported at 277 So.2d 843, which was certified to us as passing upon a question of great public interest, recited by that Court to be:
"[W]hether Fla. Stat. § 45.031 as amended by chapter 71-5, Laws of Florida 1971, eliminates the right of redemption from foreclosure judgments after the date of the public sale up to the date the sale is completed by the order confirming sale."
We have jurisdiction pursuant to Art. V, § 3(b)(3), Constitution of Florida, F.S.A., and Rule 4.6, F.A.R., 32 F.S.A.
The record reveals that the respondent, Shirley Strasser, was the owner of certain real property located in Dade County, Florida. On March 16, 1972, however, Inca International Corporation filed a *202 complaint against the respondent for the foreclosure of a mechanic's lien against the property.
On April 12, 1972, a default judgment was entered against the respondent and on April 27, 1972, the Circuit Court of the Eleventh Judicial Circuit entered its final judgment, ordering, among other things, that the property in question be publicly sold. Pursuant to Chapter 45, Florida Statutes, notice of the sale was given on May 4, 1972, and on May 15, 1972, the property was sold to the petitioner, Allstate Mortgage Corporation. The following day the Clerk of the Circuit Court issued a certificate of sale.
On May 23, 1972, however, the Court ordered that the Clerk accept the respondent's payment in redemption. The following day the respondent paid to the Clerk the amount which the petitioner had bid and paid for the property plus costs and a certificate of redemption was issued.
From the order of redemption issued by the Circuit Court, the petitioner appealed to the Third District Court of Appeal. The District Court affirmed, basing its decision upon its interpretation of Fla. Stat. § 45.031(1), F.S.A., as amended by Chapter 71-5, Laws of Florida 1971. Fla. Stat. § 45.031(1), F.S.A., (1969) provided, in pertinent part:
"In any order of final judgment the court shall direct the clerk to sell the property at public sale on a specified day, which shall be not less than ten or more than thirty days after the date thereof, on terms and conditions specified in the order of judgment... ."
The 1971 amendment added the following pertinent language:
"In cases when a person has an equity of redemption, the court shall not specify a time for the redemption, but the person may redeem the property at any time before the sale." (Emphasis added.)
In reaching its decision, the District Court points out that prior to the amendment, the statute did not expressly mention redemption but that the courts had held that there was an inherent right of redemption evolving from the common law which could be exercised at any time prior to entry of an order confirming a sale.
Turning to the amendment, the District Court found:
"§ 45.031(1), Fla. Stat. as now amended is clearly in derogation of the common law and must be strictly construed. However, it will not be interpreted to displace the common law further than is clearly necessary. Bryan v. Landis, 106 Fla. 19, 142 So. 650. The courts will infer such a statute was not intended to make any alteration other than was specified and plainly pronounced in clear unequivocal terms. Ex parte Amos, 93 Fla. 5, 112 So. 289; Bryan v. Landis, supra; Hialeah v. State, 136 Fla. 498, 183 So. 745, 6 Fla.Jur., Common & Civil Law § 8. Inasmuch as that portion of the statute pertaining to time of redemption does not clearly change the common law right of redemption up until confirmation of the sale, we must hold the common law rule prevails. Furthermore, in enacting this statute, the Legislature failed to define or indicate the intended meaning of the word `sale'. Therefore, it is necessary that we do so.
"Webster defines `sale' as `a contract whereby the absolute or general ownership of property is transferred from one person to another for a price or sum of money, or, loosely, for any consideration.'
"A sale has similarly been defined in Edwards v. Baldwin Piano Company, 79 Fla. 143, 83 So. 915; Mathews v. Holloway, 83 Fla. 30, 90 So. 924; State v. Livingston, 159 Fla. 63, 30 So.2d 740. In accordance therewith, a judicial sale has been held not to be final and complete until, confirmed by the trial court. Macfarlane v. Macfarlane, 50 Fla. 570, 39 So. 995. Inasmuch as the Legislature *203 is presumed to know the meanings of words and rules of grammar [State ex rel. Hanbury v. Tunnicliffe, 98 Fla. 731, 124 So. 279], we hereby find that the Legislature intended to adopt the recognized meaning of the word `sale' and that the sale did not take place until ownership of the property was transferred. Said transfer takes place according to § 45.031(3), Fla. Stat., ten days after the day of the sale, upon no objections being filed thereto and issuance of the certificate of title."[1]
After oral argument and upon consideration of the petition, the briefs and the record, we conclude that the District Court has correctly interpreted Fla. Stat. § 45.031(1), F.S.A. (1971). Accordingly, the decision of the District Court is affirmed and the question certified to us by the District Court is answered negatively.
It is so ordered.
Affirmed.
CARLTON, C.J., and ADKINS, BOYD and DEKLE, JJ., concur.
NOTES
[1] 277 So.2d at 845.