KEHOE, Judge.
Appellant, plaintiff below, brings these consolidated appeals from certain orders entered by the trial court in a foreclosure action. These orders, inter alia, approved appellees’ redemption of the subject property, vacated a public sale of that property to appellant, cancelled appellant’s mortgage of record and discharged its lis pendens on the property. Appellees St. George Enterprises, Ltd., and Peter Harsany also appeal from the final summary judgment of foreclosure. All of the appeals were consolidated for all appellate purposes. For purposes of this opinion, Done Investments will be referred to as “appellant” and all of the other parties as “appellees.” We affirm.
The sole issue presented for review by appellant is whether the trial court had the authority to extend the mortgagor’s time for redemption beyond the ten day period provided for in Section 45.031(3), Florida Statutes (1977), if the property had been judicially sold and no objections to the sale were filed.
Our review of the record shows that the trial court partially adopted, as it was permitted to do, the procedures for judicial sales set forth in Section 45.031. Here the final judgment, contrary to the provisions of Section 45.031, fixed a specific time for redemption. Further, at the time the trial court entered its order extending by three and one-half days the mortgagor’s time for redemption beyond the original ten day period, no certificate of title had been issued by the clerk of the court. Under these circumstances, in our opinion, the trial court could properly within its discretion extend the mortgagor’s period for redemption. Although we are unaware of any cases directly on point on this issue, we are persuaded by the reasoning set forth in Walter v. Gallman, 286 So.2d 275 (Fla. 4th DCA 1973), and Allstate Mortgage Corporation of Florida v. Strasser, 277 So.2d 843 (Fla. 3d DCA 1973), and Florida Rule of Civil Procedure 1.550(b) as it relates to stays. See also Rosen v. Hunter, 277 So.2d 689 (Fla. 3d DCA 1969). Accordingly, the final summary appealed is affirmed.
Affirmed.