401 So.2d 1150 (1981)
JOHN CRESCENT, INC. and Belmont Holding Corp., Petitioners,
v.
Collins E. PETERSON and Margaret E. Peterson, His Wife, and Theodore Schwartz, Respondents.
JOHN CRESCENT, INC. and Belmont Holding Corp., Appellants,
v.
Theodore SCHWARTZ, Collins E. Peterson and Margaret E. Peterson, His Wife, Appellees.
Nos. 81-318, 81-323.
District Court of Appeal of Florida, Fourth District.
July 29, 1981.
Rehearing Denied August 28, 1981.
Harry G. Carratt of Morgan, Carratt & O'Connor, P.A., Fort Lauderdale, and Grimditch, Bentz, Witte & Wunker, P.A., Pompano Beach, for petitioners/appellants.
Donald M. Allison of Koski, Mateer & Gillespie, P.A., Boca Raton, for respondents/appellees  Collins E. and Margaret E. Peterson.
GLICKSTEIN, Judge.
This is a petition for mandamus and/or for an order requiring compliance by the trial court with our previously issued mandate in John Crescent, Inc. v. Schwartz, 382 So.2d 383 (Fla. 4th DCA), cert. denied, 389 So.2d 1113 (Fla. 1980). We consider it as a petition for enforcement of this court's mandate as that procedure has been previously recognized by us in Stuart v. Hertz Corp., 381 So.2d 1161 (Fla. 4th DCA 1980).
In John Crescent, Inc., supra, we were faced with an appeal by the purchaser at a foreclosure sale and by his assignee who *1151 successfully sought to reverse the trial court's order of September 28, 1977. The trial court order had vacated the judicial sale of Mr. and Mrs. Peterson's home and had set aside the certificate of title to the petitioner here. We reversed the trial court, held that it abused its discretion and concluded our opinion by saying at 386:
The decision of the trial court vacating the judicial sale and setting aside the issuance of the certificate of title is reversed and this cause is remanded with instructions to enter an order consistent with this opinion.
At that point, the trial court's duty was best expressed by this court in Stuart, supra at 1163:
When the mandate was received by the trial court, the court should have carried and placed into effect the order and judgment of this Court. Absent permission to do so, the trial court was without authority to alter or evade the mandate of this Court.
The trial court could not go beyond the confines of the mandate. Schetter v. Schetter, 330 So.2d 150 (Fla. 4th DCA 1976). The judicial sale held on April 25, 1977, should have been revived and the certificate of title should have been reinstated nunc pro tunc May 6, 1977, its date of issuance to the petitioner here. Any action necessary to effect the foregoing should have been taken by the trial court.
Instead, the trial court gave new life to its order of September 28, 1977, which was the subject matter of the appeal in John Crescent, Inc., supra, by adjudging that said order properly extended the homeowner's right of redemption for seven days following September 28, 1977. It further said in its order of January 19, 1981, herein being reviewed:
4. The defendants in this cause, COLLINS E. PETERSON and MARGARET PETERSON, his wife, effected a complete redemption of the Final Judgment herein on October 4, 1977 by paying the amount of $4,712.28 into the registry of this Court.
5. The Clerk of the court has paid from suspense the sum of $5,000.00 to the third party purchaser, JOHN CRESCENT, INC., as the refund of the purchaser's bid at the foreclosure sale which was vacated by the aforesaid Order of September 28, 1977.
6. The Clerk has paid the additional sum of $4,712.28 to mortgagee/Plaintiff, THEODORE SCHWARTZ, in full satisfaction of the Amended Final Judgment against Mr. and Mrs. Peterson, dated September 28, 1977.
Based on the foregoing findings the trial court adjudged that the exercise by the Petersons of their equity of redemption on October 4, 1977, constituted "a good and effective redemption and complete satisfaction of their adjudicated indebtedness" and denied petitioners' motion for order pursuant to mandate.
Sub judice the issue is whether the Petersons had a right of redemption in light of our reversal of the trial court's order which vacated the judicial sale. Prior to the amendment to Section 45.031(1), Florida Statutes (1971), the statute did not mention a right of redemption. However, the courts had recognized "an inherent right of redemption which could be exercised at any time prior to entry of the order confirming the sale unless otherwise directed by the trial court." Allstate Mortgage Corporation of Florida v. Strasser, 277 So.2d 843, 844 (Fla. 3d DCA), aff'd, 286 So.2d 201 (Fla. 1973). The 1971 amendment provided:
In cases when a person has an equity of redemption, the court shall not specify a time for the redemption, but the person may redeem the property at any time before the sale.
The term "before the sale" has been interpreted to be anytime until the issuance of a certificate of title. Walters v. Gallman, 286 So.2d 275 (Fla. 4th DCA 1973); Allstate Mortgage Corporation of Florida, supra.
We are aware of one instance after adoption of the amendment in which the period of redemption was extended beyond the ten day period that separates the judicial *1152 sale and issuance of certificate of title.[1] In Done Investments, N.V. v. Forman, 369 So.2d 650, 651 (Fla. 3d DCA 1979), the court said:
Our review of the record shows that the trial court partially adopted, as it was permitted to do, the procedures for judicial sales set forth in Section 45.031. Here the final judgment, contrary to the provisions of Section 45.031, fixed a specific time for redemption. Further, at the time the trial court entered its order extending by three and one-half days the mortgagor's time for redemption beyond the original ten day period, no certificate of title had been issued by the clerk of court. Under these circumstances, in our opinion, the trial court could properly within its discretion extend the mortgagor's period for redemption. (Emphasis supplied.)
However, the facts of the Done Investments case are substantially different from those sub judice. Here, by virtue of this court's decision in John Cresent, Inc., supra, the certificate of title was to be reestablished as if it had been issued on May 6, 1977. Accordingly, the Petersons' right of redemption expired on May 6, 1977, and the trial court was without authority to extend the time period beyond that date.
We therefore grant the petition herein, quash the trial court's order of January 19, 1981, and direct the trial court to enter orders consistent with our mandate.
PETITION GRANTED and ORDER QUASHED.
LETTS, C.J., and BERANEK, J., concur.
NOTES
[1] An extension of the period of redemption also can be accomplished by stipulation between the parties. See Hudgins v. Florida Federal Savings and Loan Ass'n., 399 So.2d 990 (Fla. 5th 1981).