556 So.2d 473 (1990)
Michael A. RILEY, Appellant,
v.
W.E. GRISSETT, Jr., Etc., et al., Appellee.
No. 89-2171.
District Court of Appeal of Florida, First District.
January 31, 1990.
*474 Ralph R. Crabtree and Daniel C. Shaughnessy of Coker, Myers, Schickel, Cooper and Sorenson, P.A., Jacksonville, for appellant.
W.E. Grissett, Jr. of W.E. Grissett, Jr., P.A., Jacksonville, for appellee.
SHIVERS, Chief Judge.
This appeal is from a non-final order granting a right of redemption to W.E. Grissett, Jr. P.A. as lessee of certain real property.[1] We reverse.
The mortgagees of the subject real property filed a foreclosure complaint November 1988 against mortgagors W.E. Grissett, Jr., and Bonnie T. Grissett, his wife. The complaint was amended to add defendants Albert M. Crabtree, Jr., Harriet S. Crabtree, and The Blackstone Building, Inc. The mortgagors filed an answer which at its signature block read "W.E. Grissett, JR., P.A." and was apparently signed by W.E. Grissett, Jr. in his capacity as agent for the professional association (P.A.). The mortgagees moved for final summary judgment, and after a hearing, the court entered a summary final judgment of foreclosure against W.E. Grissett, Jr., Bonnie T. Grissett and the other interested defendants, none of which were appellee W.E. Grissett, Jr., P.A. (appellee P.A.).
Subsequently, notice of sale was twice advertised, and on June 9, 1989 the clerk of the court conducted a public sale of the property in accordance with section 45.031, Fla. Stat. (1987) and that day a certificate of sale was filed naming appellant, Michael A. Riley the highest and best bidder. No objections to the sale were filed and accordingly the clerk executed a certificate of title on June 20, 1989 in favor of appellant.
The Grissetts refused to surrender possession of the property. Appellant filed a motion for Writ of Assistance[2] which was certified as furnished to W.E. Grissett, Jr. and W.E. Grissett, Jr., P.A. Appellee P.A. objected to the motion and filed a motion to set time and terms of redemption by lessee. Appellee P.A. asserted, inter alia, that (1) it is a lessee under the terms of a lease with the original mortgagors, W.E. Grissett, Jr., and Bonnie T. Grissett at the subject property, (2) it was not joined as a party in the foreclosure action instituted by the bank even though it maintained an account at that bank and financed a car at that bank all in the name of the P.A., (3) the bank knew it was in possession of the foreclosed upon premises under the terms of a lease agreement with the Grissetts, and (4) the answer filed by the Grissetts was signed by the P.A.
The lease was for a term of ten years and was unrecorded.
The court denied the motion for writ of assistance and granted appellee P.A. time to redeem the foreclosure.
Section 45.031(1), Fla. Stat. (1987) provides that in a foreclosure proceeding, when a person has an equity of redemption, he may redeem the property at any time before the sale. In Allstate Mortgage Corporation of Florida v. Strasser, 286 So.2d 201, 203 (Fla. 1973) the supreme court construed the word "sale" in the statute to mean when transfer of ownership of the property takes place which, under section 45.031(3), is "`ten days after the day of the sale, upon no objections being filed thereto and issuance of the certificate of title.'" (quoting Allstate Mortgage Corporation of Florida v. Strasser, 277 So.2d 843, 845 (Fla. 3d DCA 1973)).
In John Crescent, Inc. v. Peterson, 401 So.2d 1150, 1151-52 (Fla. 4th DCA 1981) the court stated: "We are aware of one instance ... in which the period of redemption *475 was extended beyond the ten day period that separates the judicial sale and issuance of certificate of title." (footnote omitted). That, the court said, was in Done Investments, N.V. v. Forman, 369 So.2d 650 (Fla. 3d DCA 1979) in which the trial court, in its final judgment of foreclosure, extended by three and a half days the ten day period permitted for redemption. Importantly, the extension was given in the final judgment of foreclosure and prior to issuance of a certificate of title. Our research indicates that Done Investments remains the sole instance among Florida appellate jurisprudence where a redemption period had been extended. However we find no authority which would permit a mortgagor, junior mortgagee, or other interested person a right of redemption after a certificate of title has issued even if the party was not named in the foreclosure suit. See generally Akeley v. Miller, 264 So.2d 473, 474 (Fla. 3d DCA 1972) (a junior mortgagee, which was omitted from the original foreclosure suit, may exercise its right to redeem "until the sale is confirmed by the execution and filing of a certificate of title." (citing Rosen v. Hunter, 227 So.2d 689 (Fla. 3d DCA 1969), et al.)).
Even though a mortgagor's right of redemption may be asserted by those claiming under or through him, Engels v. Valdesuso, Jr. Enterprises, Inc., 497 So.2d 698 (Fla. 3d DCA 1986), including lessees of the mortgagor, Dundee Naval Stores Company v. McDowell, 65 Fla. 15, 61 So. 108 (Fla. 1913), a leasehold interest in property is a lesser interest than that held by a mortgagor. See De Vore v. Lee, 158 Fla. 608, 30 So.2d 924 (1947). Thus if a mortgagor is unable to redeem because the certificate of title has issued it follows then that that event similarly precludes his lessee from redeeming.
As lessee, appellee P.A. asserts that its interest in the property cannot be foreclosed by an action to which it was not made a party and thus the trial court did not err in granting it the opportunity to redeem. However, we find that after the certificate of title issued, the trial court was no longer empowered to grant the right of redemption.[3] At that point the available remedy had a different form. Ordinarily, upon learning of appellee P.A.'s asserted leasehold interest, appellant would have been required to bring a foreclosure suit de novo to compel the lessee to exercise its right of redemption within a reasonable time. Quinn Plumbing Company v. New Miami Shores Corporation, 100 Fla. 413, 129 So. 690 (Fla. 1930). When the purchaser from a foreclosure sale is issued the certificate of title, he "becomes subrogated to all the rights of the mortgagee ... . and becomes entitled to an action de novo for the foreclosure of such mortgage against all parties holding junior incumbrances who were omitted as parties to the foreclosure proceedings under which the purchaser bought." Id. 129 So. at 692. Though the distinction may appear to be elevating form over substance at the expense of judicial economy, the distinction upholds the importance of "party" status in foreclosure proceedings which status is pertinent to this decision.
In Quinn Plumbing, the court reiterated the above holding stating that such applied "[i]n the absence of countervailing equities". Id. at 692. Appellee P.A. asserted a right of redemption based on its interest in the property by and through an unrecorded, ten year lease. But section 695.01(1), Fla. Stat. (1987) provides that no lease for a term of one year or longer "shall be good and effectual in law or equity against ... subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law... ." Thus, for the reason that the lease was unrecorded, the trial court erred in taking cognizance of rights asserted by and through it.
As appellant ably points out, the equities involved in the instant case are similar to *476 those involved in Strong v. Smith, 68 N.J. Eq. 686, 60 A. 66 (N.J. 1905), aff'd., 203 U.S. 584, 27 S.Ct. 782, 51 L.Ed. 328 (1906) (cited with approval in Dundee Naval Stores Company, supra). In Strong, the foreclosed mortgagor's brother-in-law had an unrecorded lease with the mortgagor and claimed an equitable interest in the premises after the judicial sale. Although omitted as a party, the lessee had actual notice of the proceedings and participated in them. At no time did he reveal his interest in the property. Applying principles of estoppel, the court held that his rights were determined upon the entry of summary judgment as though he was made a party to the action. Similarly, appellee P.A. never recorded its lease and it failed to disclose its interest while every indication was that it knew of the foreclosure proceedings. In moving for redemption, appellee P.A. asserted that the signature on its answer to the foreclosure complaint was its own, i.e., that of the P.A., which indicates, of course, it was the P.A. that was responding to the foreclosure suit. This strongly suggests that the concerned members of the P.A. were well aware of the foreclosure action, if not participating directly in the defense thereof.
Further, had appellee P.A. complied with the recording statute then, presumably, it would have been named in the foreclosure action because its interest would have been revealed by the official records in the county. Having failed to comply with the statute and having waited until after issuance of the certificate of title, appellee P.A. should not have been permitted to redeem the property.
Due to appellee P.A.'s failure to act prior to issuance of the certificate of title, it is now estopped to assert an interest in the subject property. As a result, appellant is not required to institute a foreclosure action de novo. See Price v. Stratton, 45 Fla. 535, 33 So. 644 (Fla. 1903).
We REVERSE the trial court's order permitting appellee P.A. to redeem the subject property and REMAND with directions to the trial court to grant appellant's motion for Writ of Assistance.
SMITH and NIMMONS, JJ., concur.
NOTES
[1] Because the order appealed from concerns the right to immediate possession of real property, we review this appeal in accordance with Fla.R. App.P. 9.130(a)(3)(C)(ii).
[2] Styled in the Rules as a Writ of Possession. Fla.R.Civ.P. 1.580 and Form 1.915.
[3] We do not disturb the established practice of retaining jurisdiction, as the trial court did here, to issue Writs of Possession, enter deficiency judgments and other proper orders. See Katz v. Koolish, 142 So.2d 759 (Fla. 3d DCA 1962).