719 So.2d 999 (1998)
Gerard BURNS and Marie Burns, Appellants,
v.
BANKAMERICA NATIONAL TRUST COMPANY, etc., et al, Appellees.
No. 97-962.
District Court of Appeal of Florida, Fifth District.
October 30, 1998.
*1000 Richard D. Sierra of Kosto & Rotella, P.A., Orlando, for Appellant.
Donna S. Glick, Law Offices of David J. Stern, P.A., Plantation, for Appellee.
THOMPSON, Judge.
Gerard and Marie Burns appeal a nonfinal order denying their motion to vacate a foreclosure judgment and writ of possession. They argue that they were not properly served with a copy of the complaint and the final judgment because the documents were sent to an incorrect mailing address. This, they argue, deprived them of their right to redeem the mortgage. We affirm.
The Burnses lived for four years in a house they leased with an option to buy from the owner, Robert Walther. Walther took their money, but failed to pay the mortgage and Bankamerica National Trust Company ("Bankamerica") instituted foreclosure proceedings. Bankamerica hired a process served who served Walther and the Burnses, the latter then identified as Unknown Tenant # 1 and # 2. The court file contained the affidavit which identified the served parties as Gerard and Marie Burns living at 545 White Stable Court, Heathrow, Florida 32746. When the Burnses and Walther failed to answer the suit, the clerk entered a default. On the same day, Bankamerica filed a motion for summary judgment and a notice of hearing. Copies of these documents were mailed to the Burnses at the White Stable Court address. Final summary judgment was entered on 5 December 1996, and the foreclosure sale was set for 9 January 1997 at 11:00 a.m. Copies of the final judgment were also mailed to the Burnses at White Stable Court.
The sale was rescheduled at Bankamerica's request to allow the Burnses time to pay off the mortgage. They failed to do so, and the date for the foreclosure sale was moved to 20 February 1997. Again, a notice of the sale date was mailed to the Burnses at the White Stable Court address. The Burnses did not redeem the property, the sale proceeded, and Bankamerica purchased the property and obtained a certificate of sale. The notice of sale was mailed to the Burnses at White Stable Court, and a writ of possession was issued. The sheriff's return of service shows a copy of the writ was posted at the home at White Stable Court.
The Burnses moved to vacate the foreclosure judgment and writ of possession. They argued in their motion that the judgment was void because they were not properly served with the complaint or the notice rescheduling the foreclosure sale, and were thus denied an opportunity to bid on the property. The Burnses alleged that they never received a copy of the complaint but that they did receive a copy of the final judgment which scheduled the sale for January 1997. After they received the notice of the sale, they contacted Bankamerica's attorney and their mortgage broker to arrange to buy the property. After negotiations, the foreclosure sale was canceled and the Burnses left Florida for New York on business, assuming that their mortgage company would resolve the foreclosure matters. The Burnses learned of the sale when they returned to the state.
During the motion hearing, Gerard Burns testified that they did not receive some of the documents related to the foreclosure proceedings because of an incorrect mailing address. He testified the correct street name was "Whitstable" and not "White Stable." All other information concerning the address was correct. Gerard Burns attempted to introduce airline tickets and hospital bills to show that they were in California when they allegedly were served with process. The trial court reviewed the affidavit of service in the court file and ruled that the issue of improper service was moot, and denied the motion to vacate.
On appeal, the Burnses argue that the trial court erred when it did not allow them to present evidence of improper or lack of service. They argue that the court should have *1001 vacated the final judgment and set aside the foreclosure sale, giving them the opportunity to redeem the property. They agree that the process server's return of service was regular on its face and therefore, must be presumed valid. Telf Corp. v. Gomez, 671 So.2d 818 (Fla. 3d DCA 1996). However, since they denied having been served, they argue that they should have been given the opportunity to rebut the presumption by presenting clear and convincing evidence that the summons was not served. Id. See also Liberty Mutual Ins. Co. v. Lyons, 622 So.2d 621 (Fla. 5th DCA 1993).
We agree the trial court should have permitted the Burnses to introduce proof that they were in California when they allegedly were served with process. See Myrick v. Walters, 666 So.2d 249 (Fla. 2d DCA 1996) (trial court erred in precluding plaintiff from presenting evidence refuting defendant's claim of defective service of process); Southeast Mortg. Co. v. Andrews, 561 So.2d 33 (Fla. 4th DCA 1990) (trial court erred in dismissing Rule 1.540(b) motion to set aside foreclosure sale without holding evidentiary hearing). However, even if the Burnses had presented such evidence and the judgment against them was void for lack of service, State Dept. of Transp. v. Bailey, 603 So.2d 1384 (Fla. 1st DCA 1992), that would not end our inquiry.
The Burnses, as lessees of the property, could only redeem the property under or through Walther's rights as mortgagor. They had no independent right to redemption. Quinn Plumbing Co. v. New Miami Shores Corp., 100 Fla. 413, 129 So. 690 (Fla.1930). Under section 45.0315, Florida Statutes (1995), "the mortgagor or the holder of any subordinate interest" may redeem the property anytime before issuance of a certificate of title following the foreclosure sale. See Riley v. Grissett, 556 So.2d 473 (Fla. 1st DCA 1990). However, once the certificate is issued, redemption is precluded, even if the party asserting the right was not made party to the foreclosure proceedings. Id. at 475. Here, the Burnses received the final judgment of foreclosure and notice of sale. They negotiated a redemption with Bankamerica. When they failed to make the payment within the time permitted, the sale was held as rescheduled, and Bankamerica purchased the property and received title. Issuance of the certificate of title precluded any further exercise of the mortgagee's redemption right. § 45.0315, Fla. Stat. (1995).
AFFIRMED.
DAUKSCH, J., concurs.
W. SHARP, J., dissents, with opinion.
W. SHARP, Judge, dissenting.
I agree that the Burnses had no independent right of redemption, although they could have done so. § 45.0315, Fla. Stat.; Dundee Naval Stores Co. v. McDowell, 65 Fla. 15, 61 So. 108 (1913). However, if the tenants (the Burnses) were omitted from this foreclosure suit because of insufficient process, then their leasehold and option interest may have survived the foreclosure. The majority opinion agrees that the trial court erred by not allowing the Burnses to introduce proof they were improperly served. Thus they may not have been parties to the suit, and their leasehold may not have been extinguished by the foreclosure judgment.
Assuming they succeeded in proving they were not properly served, their leasehold interest in the property, including their option to buy may have survived the foreclosure. Dundee. Until their rights are properly adjudicated, the right of possession of the foreclosed property acquired by the purchaser of the foreclosed property cannot be ruled on at this point. As the Florida Supreme Court said in Dundee:
The foreclosure sale gave the purchaser a title to the lands, but this does not per se destroy the leasehold interest. The leaseholder had a right to possession for the lease purposes as against the mortgagee before the foreclosure, and such right has not been terminated or cut off by adjudication or otherwise. While the leaseholder corporation may be required to observe the rights of the purchaser acquired at the foreclosure sale, yet, if such leaseholder is not estopped or had not forfeited or abandoned its property right in the lease, it cannot legally be deprived of such right *1002 except by due process of law. Where different persons have rights or interests in specific land, the foreclosure of a mortgage upon the land affects the rights and interests of only such persons are made parties actually or constructively to the foreclosure proceeding. An owner of the title may be cut off by foreclosure against him, but one having a duly recorded lease upon the land, but not made a party to the foreclosure proceeding, is not affected thereby.
The failure to make the lessees or their assignee parties to the foreclosure proceedings may not affect the validity of the decree; and though the purchaser gets a title by virtue of the mortgages, the foreclosure, and the sale, which title includes a right of ultimate possession, yet, as the rights of the leaseholder have not been adjudicated, the title and right of possession acquired by the purchaser at the same are subject to the rights of the leaseholder under the duly executed and recorded lease until such rights are in some way duly terminated. (emphasis supplied)
61 So. at 113.
Although the record is not clear, apparently the Burnses' lease was not recorded. However, the mortgagee had knowledge of their interest in the land, since it attempted (perhaps imperfectly) to join them in the foreclosure suit. Failure to make the lessees parties to the foreclosure may have left the leasehold intact. I would reverse and remand for further proceedings. See Commercial Laundries of West Florida, Inc. v. Tiffany Square Investors Ltd. Partnership, 605 So.2d 116 (Fla. 5th DCA 1992); Riley v. Grissett, 556 So.2d 473 (Fla. 1st DCA 1990).