# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**BUNNIE STRAUB,**
Appellant,

v.

**WELLS FARGO BANK, N.A., CHRIS STRAUB, JP MORGAN CHASE BANK, NATIONAL ASSOCIATION**, as successor in interest to WASHINGTON MUTUAL BANK f/k/a WASHINGTON MUTUAL BANK, F.A., and **FAIRCONDO, INC.**, a Condominium Association, Appellees.

No. 4D14-2604

[January 6, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Susan R. Lubitz, Judge; L.T. Case No. 502012CA011910AW.

Ronald E. D'Anna of Goede, Adamczyk, Deboest & Cross, PLLC, Boca Raton, for appellant.

Susan Capote and Joseph D. Wargo of Wargo & French, LLP, Miami, for appellee JP Morgan Chase Bank, N.A.

*ON COMBINED MOTION FOR REHEARING AND REHEARING EN BANC*

STEVENSON, J.

We deny the motion for rehearing and rehearing en banc. However, we withdraw our previously issued opinion and substitute the following.

This case involves a foreclosed homeowner who is battling two subordinate lienholders[1] for surplus proceeds following a judicial foreclosure sale. The precise issue is whether the subordinate lienholders filed their claims in a timely manner. The trial court determined the claims of the subordinate lienholders were timely where they were filed more than

---

[1] Appellee, JP Morgan Chase Bank, is one of two subordinate lienholders. The second subordinate lienholder is the condominium association, Faircondo, Inc. Faircondo assigned its lien to an individual who is not a party to this appeal.

sixty days after the foreclosure auction, but within sixty days of the issuance of the certificate of title. We affirm.

"There is established a rebuttable legal presumption that the owner of record on the date of the filing of a lis pendens is the person entitled to surplus funds after payment of subordinate lienholders who have timely filed a claim." § 45.032(2), Fla. Stat. (2014). A subordinate lienholder's claim is "timely filed" when it is filed "no later than 60 days after the sale." § 45.031(1)(a), (7)(b), Fla. Stat. (2014); *see also* § 45.031(2)(f) ("[A]ny person claiming an interest in the surplus from the sale . . . must file a claim within 60 days after the sale.").

Judicial sales following foreclosure are governed by the procedures outlined in Florida Statutes section 45.031. The foreclosed property is sold at a public auction. § 45.031(3). After the auction is concluded, the clerk files the "certificate of sale," which sets forth the "highest and best bid received for the property" and the identity of the person "to whom the property was sold." § 45.031(4). "If no objections to the sale are filed within 10 days after filing the certificate of sale, the clerk shall file a certificate of title . . . ." § 45.031(5).

> When the certificate of title is filed the sale shall stand confirmed, and title to the property shall pass to the purchaser named in the certificate without the necessity of any further proceedings or instruments.

§ 45.031(6). Thereafter, the clerk disburses the proceeds and files the certificate of disbursements. § 45.031(7)(a). "If there are funds remaining after payment of all disbursements required by the final judgment of foreclosure and shown on the certificate of disbursements, the surplus shall be distributed as provided in this section and ss. 45.0315-45.035." § 45.031(7)(d).

The relevant dates which provide the backdrop for this case are straightforward. The final judgment of mortgage foreclosure was issued on May 2, 2013. The property was later sold at public auction on October 31, 2013, and the certificate of sale was filed by the clerk of court on the same day. The certificate of title was filed by the clerk on February 7, 2014. The bank filed its claim of lien to the surplus funds on January 21, 2014, within sixty days of the clerk's filing of the certificate of title, but almost ninety days after the filing of the certificate of sale. The association's assignee filed her claim on April 8, 2014, also within sixty days of the clerk's filing of the certificate of title, but well over 100 days after the filing of the certificate of sale.

Appellant argues the sixty-day time frame within which subordinate lienholders must file their claims begins to run when the property is purchased at the auction and the certificate of sale is filed. We disagree.

This is an issue of first impression under today's version of section 45.031. We note, however, that the Florida Supreme Court was presented with a similar issue in *Allstate Mortgage Corp. of Florida v. Strasser*, 286 So. 2d 201 (Fla. 1973). There, the court was interpreting an earlier version of section 45.031 which applied to a mortgagor's right of redemption. The statute provided:

> In cases when a person has an equity of redemption, the court shall not specify a time for the redemption, but the Person may redeem the property at any time *before the sale*.

*Id.* at 202 (emphasis added). Strasser, the property owner, exercised her right of redemption after the public sale and after issuance of the certificate of sale, but *before* issuance of the certificate of title. The court was thus presented with one of the issues at bar—that being, the definition of the word "sale" following a judicial foreclosure. The court found:

> "[I]n enacting this statute, the Legislature failed to define or indicate the intended meaning of the word 'sale'. Therefore, it is necessary that we do so.
>
> Webster defines 'sale' as 'a contract whereby the absolute or general ownership of property is transferred from one person to another for a price or sum of money, or, loosely, for any consideration.'
>
> A sale has similarly been defined in *Edwards v. Baldwin Piano* [*Co.*, 83 So. 915 (Fla. 1920)]; *Mathews v. Holloway*, [90 So. 924 (Fla. 1922)]; *State* [*ex rel. Benevolent & Protective Order of Elks, Lodge No. 1529 v. Livingston*, 30 So. 2d 740 (Fla. 1947)]. In accordance therewith, a judicial sale has been held not to be final and complete until, confirmed by the trial court. *Macfarlane v. Macfarlane*, [39 So. 995 (Fla. 1905)]. Inasmuch as the Legislature is presumed to know the meanings of words and rules of grammar (*State ex rel. Hanbury v. Tunnicliffe*, [124 So. 279 (Fla. 1929)]), we hereby find that the Legislature intended to adopt the recognized meaning of the word 'sale' and that the sale did not take place until ownership of the property was transferred. Said transfer takes place according

3

to s. 45.031(3), Fla. Stat., ten days after the day of the sale, upon no objections being filed thereto and issuance of the certificate of title."

*Id.* at 202–03 (quoting *Allstate Mortg. Corp. of Fla. v. Strasser*, 277 So. 2d 843, 845 (Fla. 3d DCA 1973)).

In 1993, the legislature enacted Florida Statutes section 45.0315, codifying the mortgagor's right of redemption and specifying that the mortgagor may cure the indebtedness and prevent a foreclosure sale at "any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure." § 45.0315, Fla. Stat. (2014). The Third District observed that "the common law rule announced in *Allstate v. Strasser*, with *respect to redemption*, has been displaced by the enactment of section 45.0315, Florida Statutes, which exclusively governs the time, manner, and procedure for the claimed exercise of redemptive rights." *Emanuel v. Bankers Trust Co.*, 655 So. 2d 247, 250 (Fla. 3d DCA 1995) (emphasis added).

We recognize that *Strasser* has been superseded in part by the enactment of section 45.0315. However, in section 45.0315, the legislature simply created a specific window for exercising the right of redemption between the judgment and either the time specified in the judgment or the filing of a "certificate of sale" by the clerk of court. In doing so, there is no indication that the legislature intended to change the plain meaning of the word "sale" used elsewhere in the statute. We are persuaded by the supreme court's reasoning in *Strasser*, and apply the court's definition of "sale" to today's version of the statute and the requirement that subordinate lienholders file their claims no later than sixty days "after the sale."

Under section 45.031(1)(a), (2)(f), and (7)(b), a foreclosure "sale" takes place when ownership of the property is transferred upon filing of the certificate of title. Issuance of the certificate of title confirms the sale, curing "all irregularities, misconduct and unfairness in the making of the sale." *McClanahan v. Mayne*, 138 So. 36, 38 (Fla. 1931); *see also* § 45.031(6), Fla. Stat. (2014). A subordinate lienholder's claim to surplus from the sale is timely under section 45.032(2) when it is filed no later than sixty days after the clerk issues and files the certificate of title. Accordingly, we affirm.

*Affirmed.*

4

GROSS and TAYLOR, JJ., concur.

\*     \*     \*