# Third District Court of Appeal

## State of Florida

Opinion filed July 25, 2018.

_____

No. 3D18-0613
Lower Tribunal No. 14-31275

_____

**Nationstar Mortgage LLC, etc.,**
Appellant,

vs.

**Felicita Roque, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Albertelli Law, and Teodora Siderova and Shannon T. Sinai (Tampa), for appellant.

Jose M. Cervera, for appellees Ysabel Ynoa De De Leon and CUV087 Corp.

Before ROTHENBERG, C.J., and SUAREZ, and LINDSEY, JJ.

*ON CONFESSION OF ERROR*

LINDSEY, J.

Nationstar Mortgage LLC DBA Champion Mortgage Company ("Nationstar") appeals the trial court's Order Denying [Nationstar's] Objection to Sale and Motion to Vacate November 8, 2017 Foreclosure Sale and Certificate of Sale, To Prevent the Clerk From Issuing Certificate of Title, and To Return the Third Party's Sale Proceeds ("Objection to Sale and Motion to Vacate") entered on January 29, 2018 and the trial court's Order Denying [Nationstar's] Motion for Rehearing ("Motion for Rehearing") entered on March 2, 2018.

The Final Judgment of Foreclosure was entered by the trial court on October 20, 2016 and provided that Felicita Roque (the "Borrower")'s right of redemption "terminated upon issuance of the Certificate of Sale." On November 7, 2017, the trial court denied Nationstar's emergency motion to cancel the November 8, 2017 foreclosure sale. The foreclosure sale proceeded on November 8, 2017, and third party purchaser Ysabel Ynoa De De Leon and CUV087 Corp. ("Appellee-Purchasers") submitted the highest bid. The Certificate of Sale was issued on November 14, 2017. Nationstar filed the Objection to Sale and Motion to Vacate on November 20, 2017, objecting to the foreclosure sale because timely reinstatement funds necessary to cure the default were received on November 8, 2017—six days before the Certificate of Sale was issued.

2

After the trial court denied the Objection to Sale and Motion to Vacate on January 29, 2018, Nationstar filed the Motion for Rehearing and again reiterated that it had received the requisite reinstatement funds prior to the Certificate of Sale being issued. The trial court subsequently denied the Motion for Rehearing and Nationstar filed a timely Notice of Appeal on March 22, 2018. The Appellee-Purchasers filed a Confession of Error on June 29, 2018, conceding that the trial court erred in denying Nationstar's Objection to Sale and Motion to Vacate because the Borrower properly exercised her right of redemption "within the time, manner, and procedure set forth" in paragraph seven of the Final Judgment of Foreclosure and in compliance with section 45.0315, Florida Statutes (2016). We agree.

Florida courts have consistently held that section 45.0315 affords the trial court authority to set a time in the final judgment by which the mortgagor must exercise their right of redemption or forfeit that right.[1] See Emanuel, 655 So. 2d at

---

[1] "In 1993, the legislature enacted Florida Statutes section 45.0315, codifying the mortgagor's right of redemption and specifying that the mortgagor may cure the indebtedness and prevent a foreclosure sale at 'any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure.' The Third District observed that 'the common law rule announced in Allstate v. Strasser, with *respect to redemption*, has been displaced by the enactment of section 45.0315, Florida Statutes, which exclusively governs the time, manner, and procedure for the claimed exercise of redemptive rights.'" Straub v. Wells Fargo Bank, N.A., 182 So. 3d 878, 881 (Fla. 4th DCA 2016) (first quoting § 45.0315, Fla. Stat. (2014); and then quoting Emanuel v. Bankers Trust Co., 655 So. 2d 247, 250 (Fla. 3d DCA 1995) (emphasis in original)).

249 ("[S]ection 45.0315, Florida Statutes (1993), explicitly empowers a court in the final judgment of foreclosure to fix the time in which the mortgagor may redeem"); see also Saidi v. Wasko, 687 So. 2d 10, 11 (Fla. 5th DCA 1996) ("This section empowers a court to fix a time in the final judgment, before which the mortgagor must exercise his right of redemption or forfeit that right.").

Here, it is undisputed that the Borrower reinstated and cured the default on the subject loan on the same day as the foreclosure sale, which was six days prior to the issuance of the Certificate of Sale. Accordingly, the Borrower properly exercised her right of redemption as outlined in the Final Judgment of Foreclosure. Based upon the record before us and the confession of error filed by Appellee-Purchasers, we reverse the trial court's order denying Nationstar's Objection to Sale and Motion to Vacate and the trial court's order denying Nationstar's Motion for Rehearing. We further remand with directions that the trial court enter an order consistent with this opinion and granting Nationstar's Objection to Sale and Motion to Vacate.

REVERSED AND REMANDED.