137   585|
210   ³ 94·
|112a  ²322

THE PEOPLE *ex rel.* Woodbury & Moulton

*v.* .

CHARLES W. PAVEY *et al.* Auditor and Treasurer.

*Filed at Springfield May 11, 1891.*

1. MANDAMUS—*to compel the State Treasurer to pay registered county bonds—requisites of petition.* An amendatory statute relating to municipal bonds issued to a railway company authorized the registration of bonds issued to the company by counties and cities, on the application of the holders of $20,000 or upward of the bonds of any county or city, in which event the act of 1865, so far as the same related to the registration, collection and payment of interest, should apply to such bonds. The act further provided, that "whenever the proper county or city authorities shall provide for the payment of principal of such bonds, the amount annually to be raised for that purpose shall be certified by the proper authorities of such county or city to the Auditor of Public Accounts, and the provisions of said act shall apply to the collection and payment of the principal of said bonds as so provided by said county or city authorities:" *Held,* that to authorize the collection of the principal it was necessary that the county or city authorities should provide for the payment of the principal, and certify the amount to be raised to the Auditor, and that a petition for *mandamus* to require the State Treasurer to pay money collected for the county on bonds held by the relator should show a compliance with this requirement.

2. A petition for a *mandamus* to compel the payment of money in the State Treasurer's hands, belonging to a county, upon bonds of such county, which fails to show, by proper averments, that the money in his hands is money which it is his duty, under the law, to pay to the relator, is bad on demurrer.

3. Although there may be sufficient money of a county in the hands of the State Treasurer to pay the bonds of the relator, it does not follow that it is the duty of that officer to pay out such money on such bonds. They are payable only out of moneys in his hands levied and collected for their payment pursuant to law, and this must be conclusively shown by the relator.

· APPEAL from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Messrs. Sanders & Bowers, for the relators:

These bonds have been held valid obligations of the county of Wayne, Illinois, in both State and Federal courts, in the cases of *Leach* v. *People,* 122 Ill. 420, *Bonham* v. *Needles,* 103 U. S. 648, and *Harter* v. *Kernochan,* id. 562.

These bonds. were duly registered by the State Auditor, under the act of April 16, 1869.

. *Mandamus* is the proper remedy to compel public officials to perform the duties required of them by law. Wood on Mandamus, 24, and citations.

This writ is allowable whenever a party has a legal right, and is entitled to a specific remedy to enforce it, and a public officer whose duty it is to afford that remedy refuses to afford it. Wood on Mandamus, 27.

It was the legal duty of the Auditor of State to draw his warrant on the State treasury for the amount of bonds mentioned in the petition, and interest, on demand, as they were past due, and the State Treasurer to pay the same out of the funds in the State treasury belonging to the Wayne county bond fund. 2 Starr & Curtis' Ann. Stat. chap. 113, sec. 5; *Donnovan* v. *Green,* 57 Ill. 63; *Decker* v. *Hughes,* 68 id. 44.

The funds of the State treasury referred to in the petition were there to pay any legal Wayne county, Illinois, registered bonded indebtedness. *Decker* v. *Hughes,* 68 Ill. 44; *Donnovan* v. *Green,* 57 id. 63; *Swigert* v. ·*County of Hamilton,* 130 id. 538.

The bonds mentioned in the petition were free from all limitations, being so indorsed, according to law, and were lawfully payable out of any funds in the hands of the State Treasurer to the credit of the registered bond fund of Wayne county, Illinois. 3 Private Laws of 1869, p. 315; *Swigert* v. *County of Hamilton,* 130 Ill. 538; *Decker* v. *Hughes,* 68 id. 44.

Mr. George Hunt, Attorney General, for the appellees.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a petition, filed in the circuit court of Sangamon county, for *mandamus.* The only facts averred in the petition are, that the county of Wayne, Illinois, has a valid bonded indebtedness, so declared by the State Supreme Court, amounting to $200,000; that said bonds are duly registered by the State Auditor, and that the same are past due; that it was the duty of said Auditor to levy a tax sufficient to pay said bonds as they became due; that the relators are the holders and owners of bonds Nos. 21, 52, 59, 60, 61, 93, 94, 97, 98 and 99, for $1000 each, due January 1, 1890; that the same were legally issued, and that there is now in the hands of the State Treasurer of the State of Illinois sufficient money to pay said bonds and interest thereon; that demand was made on said State Auditor for a warrant on the Treasurer for the payment of said bonds and interest, and upon the Treasurer for payment of same, which was refused. The prayer is, that the Auditor be commanded to issue his warrant for the alleged indebtedness, and that the Treasurer be commanded to pay the same. The circuit court sustained a demurrer to the petition, and the case is before us on the appeal of the relators from that decision.

These bonds are claimed by the relators to have been issued under the provisions of an act entitled "An act to incorporate the Southeastern Railway Company." (2 Private Laws of 1867, p. 750.) That act contains no provision for the registration or payment of such bonds, but an act amendatory of that act, approved February 24, 1869, (Private Laws of 1869, p. 303,) provides, in its tenth section, that the county making the donation "shall, by its proper corporate authorities, annually levy and collect a sufficient tax on its assessed property to pay the interest on its bonds, issued as aforesaid, as the interest becomes due, and provide in due time to pay the prin-

cipal at maturity." Section 14 of the same act provides, that "the holders of $20,000 or upwards of bonds of any county or city issued in pursuance of this act, or the act to which this is an amendment, may, at any time, file the same with the Auditor of Public Accounts for registration, and for the collection and payment of principal and interest, and all provisions of 'An act relating to county and city debts, and to provide for the payment thereof by taxation in such counties and cities,' approved February 13, 1865, so far as the same relates to registration, collection and payment of interest, according to the tenor of said bonds, shall be in force and be applied for the benefit of all such bonds so registered ; and whenever the proper county or city authorities shall provide for the payment of principal of such bonds, the amount annually to be raised for that purpose shall be certified by the proper authorities of such county or city to the Auditor of Public Accounts, and the provisions of said act shall apply to the collection and payment of the principal of said bonds, as so provided by said county or city authorities." Thus, by this provision, the act of February 13, 1865, is made primarily applicable, so far as it relates to registration, collection and payment of interest, only. But to authorize the collection of principal it is necessary that county or city authorities shall provide for the payment of the principal, and certify the amount to be raised to the Auditor of Public Accounts. There is no allegation in the petition of any compliance with this requirement.

The allegations in the petition utterly fail to show, by proper averments, that the money in the hands of the Treasurer is money which it is his duty, under any law, to pay to the relators. Although there may be sufficient money in the hands of the State Treasurer belonging to Wayne county to pay these bonds, it does not follow that it is his duty to pay that money out upon them. They are entitled to be paid only out of moneys in his hands, levied and collected for their payment pursuant to law, and this must be conclusively shown by the

relators. For aught that here appears, it may be the duty of the Treasurer to pay this money on other indebtedness of Wayne county, or to the treasurer of that county.

The judgment is affirmed.

*Judgment affirmed.*