## Philip Knopf, County Clerk, etc., v. Edward J. Corcoran.

### Gen. No. 10,964.

1. DEFAULT—*when defendant cannot be regarded as in*. So long as the answer of a defendant is on file, he cannot be regarded as being in default, nor can a judgment be rendered against him except upon a trial.

2. SALARY VOUCHER—*when mandamus does not lie to compel issuance of*. Mandamus does not lie to compel the issuance of a salary voucher which has not been authorized or ordered issued by the county board, as provided by statute.

3. MANDAMUS—*when, does not lie*. Mandamus does not lie where the right is doubtful.

Mandamus to compel issuance of salary voucher. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed and remanded. Opinion filed March 1, 1904.

**Statement by the Court.** This is an appeal from a judgment rendered in a mandamus proceeding brought by appellee to compel appellant to issue vouchers for salary claimed to have been earned by appellee.

It appears from the petition that appellee was employed in the office of the clerk of the Circuit Court of Cook County during the months of June and July, 1901. He claims also to be entitled to pay for services said to have been rendered in that position during six days in August of the same year, and he prays for a writ of mandamus to compel appellant to deliver to him warrants for the amounts claimed to be due him for salary for the time as stated. He alleges in an amended petition that the county board had ordered payment and that warrants had been properly drawn and delivered to appellant, which the latter neglected and refused to deliver to petitioner. A demurrer to the amended petition having been overruled, appellant filed his answer. To this a demurrer by petitioner was sustained and a rule was entered requiring appellant to plead, answer or demur in twenty days. Within that time, April 22, 1902, appellant filed an amended answer in which he sets forth

that warrants covering appellee's salary for June and July, but for no part of the month of August of the year referred to, had come into appellant's hands in due course of the business of his office, and that thereupon written orders were presented to him over the signature of the petitioner directing respondent to pay to one E. M. Mathison, agent or bearer, the amount of the said warrants; that said Mathison was by said order authorized to sign for and collect said warrants in the name of the petitioner; and that appellant accordingly delivered them to said Mathison and took proper receipts therefor; that afterward the warrants were presented to the county treasurer of Cook county properly endorsed and were by him paid and duly cancelled; that appellant is therefore unable to deliver said warrants or any other warrants to petitioner, and that no others can be issued except upon order of the board of commissioners of said county; and if any such new warrants shall be issued he is ready to deliver them to petitioner.

Notwithstanding the fact that said answer was on file, a default order against appellant was entered May 1, 1902, and final judgment May 31, following.

EDWIN W. SIMS, County Attorney, FRANK L. SHEPARD and WILLIAM F. STRUCKMANN, Assistant County Attorneys, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

There appears to be no doubt that appellant's amended answer was filed April 22, 1902, in due time, and was in the hands of the clerk of the Superior Court when the default of the respondent was entered for alleged " failure to plead, answer or demur according to the order entered April 5, 1902," and when the final judgment was entered May 31, following. No notice of the application for default or final judgment was served upon appellant or his attorneys, and according to the affidavits filed, the latter had no knowledge

of the proceedings at the time. So long as the answer of the respondent " was on file, he could not be regarded as being in default, nor could a judgment be rendered against him except upon a trial." Mason v. Abbott, 83 Ill. 445. There is a large number of similar cases, which need not be cited in support of a rule so familiar.

The judgment in mandamus requires appellant to issue a warrant for the salary claimed by appellee for the six days in August which he seeks to compel appellant to pay, although it appears from the answer that the county board had not authorized the payment or the issue of any such warrant. The statute provides that no payment of any account shall be made " except by the order of the county board, after approval by the finance committee." R. S., chap. 34, sec. 63. Mandamus does not lie to compel a public official to make payments in violation of law, and it should never be awarded unless the party applying for it shows a clear legal right to have the thing done which he seeks, and by the person or body sought to be coerced. In doubtful cases it should not be granted. Swift v. Klein, 163 Ill. 269, 276; McGann v. The People, 194 Ill. 526, 545. See also People ex rel. v. Pavey, 137 Ill. 585, 588. Where the right is doubtful, the claimant must resort to some other appropriate remedy to determine it. The People ex rel. v. Johnson, 100 Ill. 537, 543.

It appears from appellant's answer that the warrants drawn for the June and July salary payable to appellee were turned over on the latter's written order to the person to whom as " agent or bearer " he had directed them to be delivered. They were not therefore in appellant's hands when the petition for mandamus was filed. It has been held in Brewer v. Griesheimer, 104 Ill. App. 323, 331, that an assignment by a wage earner of even unearned wages is not contrary to public policy. As the case stands, however, that question is not properly before us on this appeal.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*