CITY OF HIALEAH, CARL AULT, as Mayor, and P. E. HACKNEY, as City Clerk and Treasurer, v. STATE, *ex rel.* JOHN E. MORRIS.

183 So. 745.

Opinion Filed October 31, 1938.

Martin F. Whelan, Jr., and Mitchell D. Price & Charles W. Zaring, for Plaintiff in Error;

Burwell Thornton, for Defendant in Error.

PER CURIAM.—An alternative writ of mandamus was issued herein alleging in effect that the relator owned described past due bonds and interest coupons issued by the City of Hialeah and showing the amount due and payable.

Respondents filed a motion to quash the alternative writ, which was denied. The respondents failed to file any return or answer, to the alternative writ, so a final judgment was rendered and a peremptory writ awarded. Respondents took writ of error and assigned as errors the denial of the motion to quash, the entering of a final judgment, and the awarding of the peremptory writ.

If there was no error in denying the motion to quash then it was not error to render the final judgment. If the motion to quash was improperly denied the judgment must be reversed. So it is necessary to consider only one assignment of error; namely, whether or not the motion to quash was properly denied.

According to the weight of authority the alternative writ in mandamus proceedings must allege that there are funds on hand which may lawfully be applied to the payment of the claim alleged to be due and payable. 38 C. J., Mandamus, Sec. 591, Note 79 (d), p. 877; Meyer v. San Francisco, 150 Cal. 131, 88 Pac. 722; People, ex rel. Woodbury, et al., v. Pavey, 137 Ill. 585, 27 N. E. 697. In accordance with this rule the alternative writ alleges:

" * * * that the City of Hialeah, a municipal corporation as aforesaid, has on hand available and applicable funds out of which such payment can be made."

The first question raised by respondents in their brief is whether or not the above allegation alleges a duty upon

behalf of respondents to pay relator's bonds and coupons without further alleging that the moneys were collected and held for debt service, and that the moneys are unimpounded. The respondents base their contention on Section 46 of the Charter of the City of Hialeah (Chapter 11516, Special Acts of 1925, Laws of Florida) which provides that before the City could apply money for the purpose of paying interest on bonds and other indebtedness of the City an assessment must be made for that express purpose, and in order to pay bonds the City must have provided a sinking fund and the money to be so used must be in that sinking fund.

If there were sufficient funds on hand collected under an assessment made for the purpose of raising money for the payment of interest on the bonds and if there were sufficient funds in a sinking fund or debt service fund for the payment of bonds, those moneys would be *available* and *applicable* funds out of which payment could be made. Instead of alleging that an assessment had been made and money collected and placed in the funds out of which the interest coupons and bonds were to be paid, the relator alleged the *ultimate* fact that the City has on hand *available* and *applicable* funds out of which such payment could be made. The motion to quash admits well pleaded allegations of the alternative writ.

"As a general rule, only ultimate facts need be alleged; but what are the ultimate facts depends upon varying conditions. Where the facts are, or reasonably should be, within the knowledge of the plaintiff, the declaration should contain sufficient statements of facts to apprise the defendant of the particular acts or circumstances upon which the action is based, in order that there may be no embarrassment in preparing a defense. If the particular facts or circumstances upon which the ultimate facts constituting

the cause of action depend, are peculiarly within the knowledge of the defendant, only the necessary ultimate facts need be alleged by the plaintiff." Warfield v. Hepburn, 62 Fla. 409, 413, 57 So. 618.

See also Co-operative Sanitary Baking Co. v. Shields, 71 Fla. 110, 70 So. 934; West Virginia Hotel Corporation v. W. C. Foster Co., 101 Fla. 1147, 132 So. 842.

The allegation that the funds on hand were available and applicable is sufficient as a pleading to show that they were properly assessed and collected and that they were impounded, if the law required that to be done, the facts being within the knowledge of the City officials. It is also alleged in the alternative writ that a demand has been made on the City, but that the City has failed to pay the principal or interest, and that upon the date of the maturity of the bonds and interest coupons it became the duty of the City to pay the same.

These allegations are sufficient to show a duty on the part of the City officials and a clear legal right on the part of the relator to the performance of that duty.

Respondents also contend that the alternative writ is merely a process and within the terms of Section 4234 (Sec. 1, Ch. 4397, Acts of 1895) Compiled General Laws of Florida, 1927, which reads as follows:

"In all civil causes, summons and respondendum, subpoenas and other process, when issued out of any circuit court of this State, shall run throughout the State, and be directed to all and singular the sheriffs of the State of Florida."

The Common law rule as to whom the writ should be directed is found in 38 C. J., Mandamus, Sec. 657, p. 910:

"The alternative writ, like the peremptory writ, should be directed to the individual or corporation on whom the duty of performing the act sought to be compelled rests."

An intention to change the rule of the common law in mandamus proceedings will not be presumed from the above statutory provision. The presumption is that no such change is intended unless the statute is explicit and clear in that regard. The alternative writ complies with Article V, Sec. 37, Constitution of Florida, which provides that the style of all process shall be "The State of Florida."

The judgment is affirmed.

WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.