738 So.2d 333 (1998)
George SOWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1317.
District Court of Appeal of Florida, First District.
February 19, 1998.
John F. Daniel, Panama City, for Appellant.
Robert A. Butterworth, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges a judgment entered upon a finding that he was guilty of cultivating marijuana, and argues that he should have been allowed to pursue the medical necessity defense recognized in Jenks v. State, 582 So.2d 676 (Fla. 1st DCA), rev. denied, 589 So.2d 292 (Fla. 1991). We conclude that this defense remains viable under the limited circumstances described in Jenks, and that the trial court should have allowed the appellant to pursue the theory of medical necessity.
At the bench trial in this case the appellant admitted cultivating marijuana, and made a proffer of evidence consistent with the elements of the medical necessity defense as delineated in Jenks. However, the state anticipated this theory and had obtained a pretrial ruling from the court that such a defense would not be allowed. In so ruling the court accepted the state's assertion that the defense could not be maintained in light of a statutory change pertaining to the medical use of certain controlled substances under section 893.03, Fla. Stat.
This statute catalogs various controlled substances within several schedules, and places marijuana (cannabis) within a Schedule I listing at section 893.03(1)(c). Other groups of Schedule I substances are listed at section 893.03(1)(a)(d), and the subsection (1) introduction to this listing states that Schedule I substances have "a high potential for abuse" and "no currently accepted medical use in treatment," and that "use under medical supervision does not meet accepted safety standards." Jenks explains that this language merely indicates that these substances are not generally available for medical use, but that it does not preclude such use in instances of medical necessity. Jenks further refers to language which was in the section 893.03(1)(d) listing of another Schedule I substance, and which provided that:
Notwithstanding the aforementioned fact that Schedule I substances have no currently accepted medical use, the Legislature recognizes that certain substances *334 are currently accepted for certain limited medical uses in treatment in the United States but have a high potential for abuse.
This language has since been deleted from section 893.03(1)(d), and the question in the present case is whether this statutory change[1] impacts the medical necessity defense recognized in Jenks.
The doctrine of medical necessity is a particular application of the common law defense of necessity. Jenks. The common law pertains in Florida by legislative enactment,[2] and statutes are to be construed strictly so as to preserve common law principles which have not been clearly and unambiguously repudiated. E.g., Carlile v. Game and Fresh Water Fish Commission, 354 So.2d 362 (Fla. 1977). Inference and implication will not substitute for clear expression, and any statutory derogation of the common law should be explicit. Id. The "limited medical uses" language which was formerly contained in section 893.03(1)(d) did not directly address the medical use of marijuana or the defense of medical necessity, and under established rules regarding the preservation of the common law the chapter 93-92 amendment to section 893.03(1)(d) does not affect the defense of medical necessity. Indeed, the existence of this provision was not critical to the decision in Jenks, which was more fundamentally predicated on the understanding that the "no currently accepted medical use" language in the subsection (1) introduction relates to general medical availability, and does not preclude the common law defense. As in Jenks, the appellant should have been allowed to pursue the defense of medical necessity.
Although we conclude that Jenks continues to be controlling authority as to the application of the medical necessity defense in this context, we certify the following issue, which is raised by the present case, as a question of great public importance:
WHETHER THE CHAPTER 93-92, LAWS OF FLORIDA, AMENDMENT TO SECTION 893.03(1)(D), FLORIDA STATUTES, EFFECTS A CLEAR AND UNEQUIVOCAL ABROGATION OF THE COMMON LAW DEFENSE OF MEDICAL NECESSITY AS RECOGNIZED IN JENKS, AND AS APPLIED TO A SERIOUSLY ILL INDIVIDUAL WHO CULTIVATES MARIJUANA SOLELY FOR PERSONAL USE TO OBTAIN MEDICAL RELIEF?
The appealed order is reversed and the case is remanded.
MINER and MICKLE, JJ., concur.
ALLEN, J., concurs with written opinion.
ALLEN, Judge, concurring.
I concur in the majority opinion except as to the certified question. I do not join in certification because there appears to be no legitimate basis upon which to treat the section 893.03(1)(d) amendment as clearly and unequivocally addressing the defense of medical necessity.
NOTES
[1] Chapter 93-92, Laws of Florida, effected this amendment while adding an additional substance to the Schedule I listing in section 893.03(1)(d), and leaving marijuana (cannabis) in the listing at section 893.03(1)(c). Chapter 93-92 also deleted an archaic reference in section 893.03(1) to a statute which had authorized a marijuana prescription program which had been discontinued several years before the decision in Jenks.
[2] Section 2.01, Florida Statutes.