**FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-13216

_____

In re: CARLOS C. DEL AMO,

*Debtor.*

_____

STOREY MOUNTAIN,

*Plaintiff-Appellant,*

*versus*

CARLOS C. DEL AMO,
MARCIA T. DUNN,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cv-21742-JB

_____

Before JILL PRYOR, LUCK, and HULL, Circuit Judges.

HULL, Circuit Judge:

In this bankruptcy case, the creditor Storey Mountain appeals the district court's decision that the debtor Carlos Del Amo's bank account was exempt property in his Chapter 7 bankruptcy proceedings. Del Amo and his wife together opened that joint bank account. This appeal turns on whether under Florida law their bank account is owned as a tenancy by the entirety or as a joint tenancy with right of survivorship. If owned as a tenancy by the entirety, the bank account is exempt property in the bankruptcy proceedings. But if the account is owned as a joint tenancy with right of survivorship, Storey Mountain can reach the money in the account.

The bankruptcy court ruled that the bank account was exempt because the Del Amos owned the account as a tenancy by the entirety. Storey Mountain appealed to the district court, which affirmed the bankruptcy court.

Storey Mountain then appealed to this Court. After careful review, and with the benefit of oral argument, we affirm.

## I. FACTUAL BACKGROUND

### A.    Setting up the Account

In October 2019, Del Amo and his wife, Mirka C. Del Amo, opened a joint checking account at TD Bank with an account number ending in 1423. As of November 2022, the TD Bank account held $7,270.00.

To open the account, both the Del Amos had to sign a form the parties refer to as a "Signature Card." The Signature Card

states: "**ACCOUNT TITLING/MAILING ADDRESS**" with the names of both Del Amos.  To the right of that, the Signature Card states: "**ACCOUNT RELATIONSHIP:** JOINT OR-2 OWNERS." In small print at the bottom of the Signature Card are five paragraphs with the heading "**IMPORTANT INFORMATION**." A sentence in one small print paragraph states: "Joint accounts are owned as joint tenants with right of survivorship."

## B.     Del Amo's Bankruptcy

In September 2022, Del Amo filed for bankruptcy.    In November 2022, Del Amo filed amended schedules listing his total assets, including the TD Bank account, as $4,037,252.43.

Del Amo claimed the TD Bank account and several other accounts as exempt.  To justify those exemptions, Del Amo cited to 11 U.S.C. § 522(b)(3)(B), which exempts property the debtor holds "as a tenant by the entirety or joint tenant to the extent that such interest . . . is exempt from process under applicable nonbankruptcy law."  He listed Storey Mountain as his largest unsecured creditor, accounting for $365,639.00 of his $584,669.00 of unsecured debt.

## II.  PROCEDURAL HISTORY

## A.     Filings in the Bankruptcy Court

Storey Mountain objected to several of Del Amo's claimed exemptions.  At issue here is only Del Amo's claimed exemption of the TD Bank account that he owned with his wife.

Storey Mountain argued that the TD Bank account was not held by the Del Amos as a tenancy by the entirety because the Del Amos specified in writing on the Signature Card that the account was jointly owned with rights of survivorship. Storey Mountain relied on Fla. Stat. § 655.79(1) to support its position.

In relevant part, section 655.79(1), as amended in 2008, provides: "Any deposit or account made in the name of two persons who are husband and wife shall be considered a tenancy by the entirety unless otherwise specified in writing." Fla. Stat. § 655.79(1) (2008). Storey Mountain asserted that the fine print statement at the bottom of the Signature Card was sufficient to "otherwise specif[y] in writing."

In response, Del Amo acknowledged the Florida statute but disagreed that the statement in the Signature Card was sufficient to change the account's form of ownership from a tenancy by the entirety. Del Amo relied on the Florida Supreme Court's decision in *Beal Bank, SSB v. Almand and Associates*, 780 So. 2d 45 (Fla. 2001). Signature cards for two accounts in *Beal Bank* designated those accounts as being held as joint tenancies with a right of survivorship. *Id.* at 49-50. Despite that fact, the Florida Supreme Court in *Beal Bank* held that when a husband and wife share a bank account, they hold it as a "tenancy by the entireties" unless there is "an express disclaimer that a tenancy by the entireties was not intended." *Id.* at 60. Del Amo argued that, under *Beal Bank*, the fine print statement at the bottom of the Signature Card—that a joint account is held as a joint tenancy with right of survivorship—

without a disclaimer of a tenancy by the entirety, does not change the account's form of ownership from a tenancy by the entirety.

In reply, Storey Mountain argued that the 2001 *Beal Bank* decision was abrogated when the Florida Legislature amended section 655.79(1) in 2008 to add the statutory text quoted above. Under that amended statutory text, Storey Mountain contended that the language on a signature card—stating that an account is a joint tenancy with a right of survivorship—is sufficient to disclaim the tenancy by the entirety form of ownership.

### B.     The Bankruptcy Court's Ruling

On April 18, 2023, the bankruptcy court held a hearing on Storey Mountain's objections to Del Amo's claimed exemptions. The bankruptcy court found *inter alia* that section 655.79(1) was unclear about what counted as "otherwise specified in writing," and the proper approach was to "default back to what *Beal Bank* holds."   The bankruptcy court concluded that (1) *Beal Bank* required that a disclaimer of tenancy by the entirety "be clear on the face of the signature card[,]" and (2) the Del Amos' Signature Card did not count as a writing that disclaimed tenancy by the entirety status.   The bankruptcy court thus overruled Storey Mountain's objection to the exemption for the TD Bank account.

### C.     The District Court's Order

Storey Mountain timely appealed the bankruptcy court's ruling to the district court.  There, the parties' arguments largely mirrored those that they made in the bankruptcy court. Storey Mountain made an additional argument that the

bankruptcy court had imposed a requirement that was not in the Florida statute, to wit: that a bank must offer a debtor a tenancy by the entirety account and the debtor must reject it for a court to find a disclaimer of the tenancy by the entirety form of ownership.

On September 17, 2024, the district court affirmed the bankruptcy court's order, agreeing with its analysis. The district court ruled that (1) "*Beal Bank* instructs that an express disclaimer, which must explicitly reference tenancy by the entirety, is required," and (2) "[t]he 2008 amendment to Section 655.79(1) did not dispense with this requirement."

Applying Florida law, the district court found that "the record is clear that no such express disclaimer exists with respect to the [TD] Bank Account." The district court also pointed out that *Beal Bank* "instructs that a statement on a signature card that a joint spousal account is held as joint tenants with right of survivorship does not alone constitute an express disclaimer." The district court thus determined that "the Signature Card is insufficient to disclaim ownership as a tenancy by the entir[ety] irrespective of the statement on the Signature Card that joint accounts are owned as joint tenants with right of survivorship."

Storey Mountain timely appealed to this Court. On appeal, neither the debtor nor the trustee filed a response to Storey Mountain's brief. This Court *sua sponte* appointed amicus curiae counsel to defend the district court's judgment.[1]

---

[1] Amicus counsel ably discharged their duties in this appeal.

## III.  STANDARD OF REVIEW

"In a bankruptcy case, this Court sits as a second court of review and thus examines independently the factual and legal determinations of the bankruptcy court and employs the same standards of review as the district court."  *JWL Ent. Grp., Inc. v. Solby+Westbrae Partners (In re Fisher Island Invs., Inc.)*, 778 F.3d 1172, 1189 (11th Cir. 2015) (quoting *Brown v. Gore (In re Brown)*, 742 F.3d 1309, 1315 (11th Cir. 2014)).  Because "the district court affirm[ed] the bankruptcy court's order, we review the bankruptcy court's decision." *Id.*

We review the legal determinations of both courts *de novo* and the factual determinations of the bankruptcy court for clear error.  *Id.*

## IV.  FLORIDA LAW

The parties agree that Florida law governs the issues in this case.  As to the law, we review (1) Florida's common law established in *Beal Bank*; (2) the 2008 amended text of section 655.79(1); and (3) Florida's requirements for a statute to abrogate the Florida common law.  We then analyze the question here as to whether the 2008 amended text of section 655.79(1) abrogated *Beal Bank*.

### A.    Florida Common Law—*Beal Bank*

In 2001, the Florida Supreme Court "endeavored to shed light on what has been termed a morass in the common law." *Beal Bank*, 780 So. 2d at 62.  *Beal Bank* is a common law decision.

*Beal Bank* concerned bank accounts of two debtors and their wives, which were held at three separate banks. *Id.* at 49. At the first bank, the signature cards did not specify the form of ownership. *Id.* At the second bank, the signature card said the depositors owned the account "as joint tenants with right of survivorship." *Id.* at 49-50 (quotation marks omitted).

At the third bank, the signature card said the account was owned by the depositors as "Jt. Tenants with Rights of Survivorship." *Id.* at 50 (quotation marks omitted). The card incorporated a welcome brochure that stated the account was owned by the depositors "as joint tenants with the right of survivorship *and not as* tenants in common or as *tenants by the entireties*." *Id.* (emphasis added) (quotation marks omitted).

Beal Bank, a creditor, obtained writs of garnishment against multiple accounts across the three banks. *Id.* at 49-50. The debtors moved to dissolve the writs because the accounts were held as tenancies by the entirety. *Id.* at 50.

The Florida Supreme Court began its analysis with a discussion of property ownership. It focused on the six unities necessary to form "a tenancy by the entireties"[2] and the key differences in legal effects between it and other forms of ownership. *Id.* at 52-53. The Florida Supreme Court explicitly explained the "significant differences in the legal consequences

---

[2] The six unities are time, title, possession, interest, survivorship, and marriage. *Beal Bank*, 780 So. 2d at 52.

between the forms of ownership when creditors of one spouse seek to garnish these assets," or "when one spouse declares bankruptcy . . . ." *Id.* at 53. The Florida Supreme Court stated that "if property is held as a joint tenancy with right of survivorship, a creditor of one of the joint tenants may attach the joint tenant's portion of the property to recover that joint tenant's individual debt." *Id.* (citation omitted).

On the other hand, "when property is held as a tenancy by the entireties, only the creditors of both the husband and wife, jointly, may attach the tenancy by the entireties property." *Id.* (citation omitted). It added: "property [held as a tenancy by the entirety] is not divisible on behalf of one spouse alone, and therefore it cannot be reached to satisfy the obligation of only one spouse." *Id.* (citation omitted).

Further, the Florida Supreme Court explained that a higher standard of proof applied for the formation of a "tenancy by the entireties" for personal property. When real property passed to a married couple, so long as the six common law unities were present, tenancy by the entirety was presumed. For personal property, in addition to the six unities, "the intention of the parties must be proven." *Id.* at 54 (quoting *First Nat'l Bank of Leesburg v. Hector Supply Co.*, 254 So. 2d 777, 780 (Fla. 1971)).[3]

---

[3] Although the *Beal Bank* court "recede[d]" from *Hector Supply Company*, it cited to and agreed with certain statements within that case. *See, e.g.*, *Beal Bank*, 780 So. 2d at 60 ("Although we recede from *Hector Supply Co.*, we agree with the statement in *Hector Supply Co.* that an express designation on the signature card

The Florida Supreme Court then surveyed the difficulties inherent in trying to determine the parties' intent regarding ownership of personal property, including the fact that "the characteristics and unities of a joint tenancy held by a married couple and a tenancy by the entireties are identical." *Id.* at 55-56. The Florida Supreme Court extended the "presumption" of tenancy by the entirety to personal property. *Id.* at 57. For bank accounts, so long as the six unities are present, "if the signature card of the account does not expressly disclaim the tenancy by the entireties form of ownership, a presumption arises that a bank account titled in the names of both spouses is held as a tenancy by the entireties." *Id.* at 58.

Next, the Florida Supreme Court set forth the practical effect of this presumption. *Id.* at 60. First, "an express designation on the signature card that the account is held as a tenancy by the entireties ends the inquiry as to the form of ownership." *Id.* (citing *Hector Supply Co.*, 254 So. 2d at 781).

Second, it takes an express disclaimer to establish that an account is not a tenancy by the entirety. *Id.* An express disclaimer can be "an express statement signed by the depositor that a tenancy by the entireties was not intended, coupled with an express designation of another form of legal ownership." *Id.*

----

that the account is held as a tenancy by the entireties ends the inquiry as to the form of ownership.").

"Alternatively," there is an express disclaimer "if the financial institution affirmatively provides the depositors with the option on the signature card to select a tenancy by the entireties among other options and the depositors expressly select another form of ownership option." *Id.*

Notably for this case, the Florida Supreme Court in *Beal Bank* instructed that "a statement on the signature card that the bank account titled in the name of a husband and wife is held as a joint tenancy with right of survivorship" *does not suffice* to show "the account is *not* held as a tenancy by the entireties." *Id.* That type of signature card is consistent with tenancy by the entirety's status as "essentially a joint tenancy, modified by the common-law doctrine that the husband and wife are one person." *Id.* (quoting *Hector Supply Co.*, 254 So. 2d at 780).

After announcing these presumption rules, the Florida Supreme Court recognized that it was not able to judicially enact a requirement that would "mandate that financial institutions provide affirmative choices to select each form of ownership on the signature cards, with an explanation of each type of ownership." *Id.* at 62. Yet it "urge[d] the [Florida] Legislature to enact such a requirement," noting the relative lack of clarity for deposits by a married couple, compared to the clear rules governing joint deposits by unmarried people. *See id.* at 62 n.24.

Lastly, applying its presumption rules to the facts in *Beal Bank*, the Florida Supreme Court determined all of the bank accounts at issue were owned as tenancies by the entirety. *Id.* at

61-62.  The first two banks' terms said nothing about tenancies by the entirety.  *Id.* at 61.  The welcome brochure of the third bank expressly disclaimed a tenancy by the entirety ownership status, but that disclaimer was not binding because it did not appear on the signature card.  *Id.*  The express disclaimer of a tenancy by the entirety must be on the signature card.  *Id.*

Given *Beal Bank* alone, this is an easy case.  Under Florida common law, a bank account jointly owned by a married couple is held as a tenancy by the entirety unless the signature card expressly disclaims the tenancy by the entirety form of ownership.  *Id.* at 60.  The Signature Card for Del Amo's TD Bank account does not contain an express disclaimer of a tenancy by the entirety.  The Del Amos thus owned their account as a tenancy by the entirety, and their account is exempt property in the bankruptcy case.  *See id.*

Storey Mountain does not contest that outcome based on *Beal Bank*.  What Storey Mountain contends on appeal, as it did in the bankruptcy and district courts, is that the 2008 amended text to section 655.79(1) abrogated the common law in *Beal Bank*.  We turn to that issue.

## B.    Florida Statutory Law

We place the 2008 amendment in context and then review Florida's abrogation rules.  The Florida Legislature has enacted rules of construction concerning "[d]eposits and accounts in two or more names."  Fla. Stat. § 655.79.  When the 2001 *Beal Bank* decision was issued, that Florida statute already had established that deposit accounts "in the names of two or more persons shall

be presumed" upon the death of one such person to "vest in the surviving person or persons," stating:

> Unless otherwise expressly provided in a contract, agreement, or signature card executed in connection with the opening or maintenance of an account, including a certificate of deposit, a deposit account in the names of two or more persons shall be presumed to have been intended by such persons to provide that, upon the death of any one of them, all rights, title, interest, and claim in, to, and in respect of such deposit account, less all proper setoffs and charges in favor of the institution, vest in the surviving person or persons.

Fla. Stat. § 655.79(1) (1992). In 2008 and seven years after the *Beal Bank* decision, the Florida Legislature added this sentence to the end of section 655.79(1): "Any deposit or account made in the name of two persons *who are husband and wife* shall be considered a *tenancy by the entirety* unless otherwise specified in writing." Fla. Stat. § 655.79(1) (2008) (emphasis added).

## C.    Abrogation of Florida Common Law

The Florida Legislature has incorporated the common law into Florida law, provided it is not inconsistent with United States or Florida constitutional or statutory law. Fla Stat. § 2.01. Courts thus must read Florida statutes "in the light of the common law." *Meeks v. Johnston*, 95 So. 670, 671 (Fla. 1923). As noted earlier, the *Beal Bank* decision was expressly based on the common law of Florida.

Under Florida law, where a rule, like that in *Beal Bank*, has developed through the common law, that rule continues to govern unless repudiated by statute. *Sowell v. State*, 738 So. 2d 333, 334 (Fla. Dist. Ct. App. 1998). To abrogate a common law principle, a statute must do so explicitly and clearly. *See City of Hialeah v. State ex rel. Morris*, 183 So. 745, 747 (Fla. 1938) ("The presumption is that no such change is intended unless the statute is explicit and clear in that regard."); *Carlile v. Game & Fresh Water Fish Comm'n*, 354 So. 2d 362, 364 (Fla. 1977) ("Inference and implication cannot be substituted for clear expression."); *Peoples Gas Sys. v. Posen Constr., Inc.*, 322 So. 3d 604, 611 (Fla. 2021) ("A basic rule of textual interpretation is that 'statutes will not be interpreted as changing the common law unless they effect the change with clarity.'" (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 318 (2012))).

In short, statutes in abrogation of the common law in Florida are strictly construed. *Ady v. Am. Honda Fin. Corp.*, 675 So. 2d 577, 581 (Fla. 1996). So "a statute will not be construed to modify the common law unless such intent is evident or the statute cannot otherwise be given effect." *Kumar v. Patel*, 227 So. 3d 557, 560-61 (Fla. 2017) (quoting *McGhee v. Volusia Cnty.*, 679 So. 2d 729, 733 (Fla. 1996)). There is no abrogation "[u]nless a statute unequivocally states that it changes the common law, or is so repugnant to the common law that the two cannot coexist." *Thornber v. City of Fort Walton Beach*, 568 So. 2d 914, 918 (Fla. 1990).

This Court applied Florida's rule of strict construction against abrogation of the common law in *Royal Palm Village Residents, Inc. v. Slider*, 57 F.4th 960 (11th Cir. 2023). This Court interpreted a Florida statute awarding fees to a prevailing party in proceedings "to enforce" provisions of the Florida Mobile Home Act. *Id.* at 962. The Court held that the statute did not abrogate the common law rule that each party must bear the costs of its own attorney's fees in a case where a plaintiff pleaded a RICO claim based on alleged violations of the Florida Mobile Home Act. *Id.* at 963-64.

In reaching that decision, this Court explicated Florida's strict construction canon. "What does it mean to 'strictly construe' a statute in Florida? One explanation is that statutes in derogation of the common law 'will not be interpreted to displace the common law further than is clearly necessary.'" *Id.* at 963 (quoting *Carlile*, 354 So. 2d at 364).

With this background, we turn to the question on appeal.

## V.  QUESTION IN THIS APPEAL

The question here becomes whether Florida's amended statutory rule—a married couple's joint account is a tenancy by the entirety "unless otherwise specified in writing"—abrogated *Beal Bank*'s requirement of an express written disclaimer of a tenancy by the entirety on the signature card. The parties agree state law governs this question too.

On questions of state law, federal courts are bound by a state supreme court's interpretation. *Veritas v. Cable News Network, Inc.*,

121 F.4th 1267, 1275 n.13 (11th Cir. 2024).  Absent a decision from the state supreme court, we look to decisions of the state's intermediate courts, unless there is "convincing evidence that the highest court of the state would decide differently."  *Id.* (quoting *Stoner v. N.Y. Life Ins. Co.*, 311 U.S. 464, 467 (1940)).

Since the 2008 amendment to section 655.79(1), the Florida Supreme Court has not decided whether *Beal Bank* is still good law, but multiple district courts of appeal have applied the *Beal Bank* express disclaimer rule, and there is no indication that the Florida Supreme Court would rule differently.  We review those Florida appellate decisions.

## A.    Florida Decisions Post-2008 Amendment

1.    *Versace v. Uruven, LLC*, 348 So. 3d 610 (Fla. Dist. Ct. App. 2022)

In 2022, the Florida Fourth District Court of Appeal considered a case where a married couple opened a bank account and the signature card *designated the account as a tenancy by the entirety*.  *Versace*, 348 So. 3d at 611.  The issue in *Versace* stemmed from the fact that not all six unities traditionally necessary to establish a tenancy by the entirety—time, title, possession, interest, survivorship, and marriage—were present.  *Id.*

The Florida court found *Beal Bank* controlling because (1) "[t]he language in *Beal Bank* is clear and direct," and (2) "[t]he express designation of a tenancy by the entireties on a signature card of a bank account establishes the account as such, and no further inquiry should be made."  *Id.* at 614.  The Florida court

explained that the 2008 amendment reinforced and was consistent with *Beal Bank* in not requiring a married couple to demonstrate the traditional unities to establish a tenancy by the entirety. *Id.* at 613. Significantly, *Versace* did not offer any indication that *Beal Bank* was not good law.

2.    *Storey Mountain, LLC v. George*, 357 So. 3d 709 (Fla. Dist. Ct. App. 2023)

In 2023, the Fourth District Court of Appeal again considered the relationship between *Beal Bank* and the 2008 amendment. *George*, 357 So. 3d at 711. This time, the question was whether married couples could "disclaim entireties ownership designation for [joint bank] accounts *in any written document* specifically incorporated by reference into the signature card." *Id.* (emphasis added). The Florida court held they could. *Id.* at 711.

Importantly though, the Florida court in *George* first stated that the amended section 655.79(1) had "codif[ied] in Florida's statutory law the presumption in favor of joint spousal bank accounts being tenancy by the entireties property." *Id.* at 713 (citing *Versace*, 348 So. 3d at 613). The 2008 amendment eliminated the requirement that "unities in the formation of the account be present." *Id.* (quotation marks omitted) (quoting *Versace*, 348 So. 3d at 613-14). The dispositive question in *George* was the type of writing required for the *Beal Bank* express disclaimer requirement. *Id.*

In *George*, the signature card incorporated a checking account agreement, which provided that the account was "*NOT*

*owned as tenants by the entireties* unless otherwise expressly designated on the Account records." *Id.* at 711. Although, under *Beal Bank*, an incorporated document was not sufficient to disclaim entireties ownership, the Florida court in *George* explained that the 2008 amendment had changed that rule. *Beal Bank*, 780 So. 2d at 61; *George*, 357 So. 3d at 713-15. "[T]he Legislature's choice of the word 'writing' over the phrase 'signature card' in the 2008 amendment signifies an intent to authorize disclaimers of entireties ownership on more than just 'signature cards.'" *George*, 357 So. 3d at 715. It could be any writing.

The Florida court in *George*, in effect, recognized *Beal Bank*'s express disclaimer requirement as being in force but concluded that the requirement could be satisfied by a writing other than a signature card. *Id.* Once again, the Florida court did not do away with *Beal Bank*'s express disclaimer requirement. In fact, it recognized that, aside from allowing the express disclaimer to appear in any writing, the state legislature had "otherwise codified the entireties presumption" from *Beal Bank* "through the amendment." *Id.*

3.    *Loumpos v. Bank One*, 392 So. 3d 841 (Fla. Dist. Ct. App. 2024)[4]

Last year, in *Loumpos v. Bank One*, Florida's Second District Court of Appeal considered whether Florida still required the traditional six unities under common law—time, title, possession,

---

[4] *Review granted*, No. SC2024-1256, 2024 WL 4948302 (Fla. Dec. 3, 2024).

interest, survivorship, and marriage—to establish a tenancy by the entirety. *Loumpos*, 392 So. 3d at 842-43. The signature card in *Loumpos* stated that the account was owned as a tenancy by the entirety, but a creditor argued "the unities of time and title were not present." *Id.* at 843.

In *Loumpos*, the Florida court eventually held that neither *Beal Bank* nor the 2008 amendment dispensed with the common law requirement of the six unities to establish a tenancy by the entirety. *Id.* at 848. *Loumpos* relied on the canon of strict construction against abrogation of the common law, emphasizing that the Florida Legislature knows how to clearly abrogate the common law when it wants to. *Id.* at 847. *Loumpos* also said that "[r]ather than abrogating the common law, the last sentence of [section 655.79(1)] appears to have simply codified *Beal Bank*." *Id.* (citing *In re Benzaquen*, 555 B.R. 63, 67 (Bankr. S.D. Fla. 2016)).

We recognize *Loumpos* reached the opposite result from *Versace* as to whether the six unities under common law must exist to establish a tenancy by the entirety. Nonetheless, *Loumpos* is consistent with *Versace* to the extent that the 2008 amendment did not abrogate the *Beal Bank* express disclaimer rule.

These post-2008 amendment Florida court decisions help us answer the question here.

## B.    Analysis

After this thorough review of Florida law, we conclude that section 655.79(1)'s amendment is consistent with and does not abrogate *Beal Bank*'s common law rule, which is: a joint account of

a married couple is owned by the married couple as a tenancy by the entirety unless the married couple expressly disclaims that the account is not held as a tenancy by the entirety. *Beal Bank*, 780 So. 2d at 57-58; Fla. Stat. § 655.79(1) (2008). That common law rule remains in full force.

However, there is a change to where the express disclaimer must appear. *Beal Bank* required that the express disclaimer be on a signature card, but section 655.79(1) changed that to a "writing." *See* Fla. Stat. § 655.79(1) (2008). The choice of "writing" thus abrogates *Beal Bank*'s rule that the express disclaimer must be on the signature card.

Here's why we reach the above conclusions: First, to abrogate *Beal Bank*'s requirement of an express disclaimer of a tenancy by the entirety, a new statute or amendment would need to do so explicitly, unequivocally, and with clarity. *Peoples Gas Sys.*, 322 So. 3d at 611; *Thornber*, 568 So. 2d at 918; *City of Hialeah*, 183 So. at 747. In Florida, statutes in abrogation of the common law are strictly construed. *Ady*, 675 So. 2d at 581. Nothing in the 2008 amended statutory text comes close to abrogating *Beal Bank*'s requirement of an express disclaimer of a tenancy by the entirety.

Second, the Florida appellate courts have recognized the continuing viability of *Beal Bank*'s rules: (1) a presumption of tenancy by the entirety as the ownership type for joint bank accounts owned by married couples, and (2) its express disclaimer requirement. While there is no express holding by the Florida

courts on the precise issue here, the Florida courts' decisions suggest the approach we take here.

Third, even without the post-2008 guidance from the Florida courts, we would reach the same result based on the statutory text alone. The relevant provision of section 655.79(1) reads: "Any deposit or account made in the name of two persons who are husband and wife shall be considered a tenancy by the entirety unless otherwise specified in writing." Fla. Stat. § 655.79(1) (2008). The first part of the amended text codifies *Beal Bank*'s presumption that a married couple's joint bank account is held as a tenancy by the entirety.

The second part—"unless otherwise specified in writing"— does not negate or abrogate *Beal Bank*'s express disclaimer requirement but, instead, merely expands the places where a valid disclaimer may be found. We explicate the textual analysis underlying our conclusion as to the second clause.

The definition of "specified" is "[t]o state explicitly or in detail." SPECIFIED, The American Heritage Dictionary (5th ed. 2011). And the definition for "otherwise" from Black's Law Dictionary is "[e]xcept for what has just been mentioned." OTHERWISE, Black's Law Dictionary (10th ed. 2014). In other words, the explicit and detailed statement in writing must be an exception to "what has just been mentioned." And what has just been mentioned in the amended statute is the first clause's mandate that joint bank accounts of married couples are held as tenancies by the entirety. Therefore, read together, the second

clause is best read to mean that unless the "writing" expressly disclaims the tenancy by the entirety form of ownership, the writing cannot rebut the first clause's mandate of that form of ownership.

In sum, section 655.79(1) requires an explicit statement in writing that the married couple expressly disclaims that the joint property is held as a tenancy by the entirety. It is not enough to say the account is something else.

Here, the Del Amos as a married couple owned the TD Bank account as joint tenants by the entirety. *See Beal Bank*, 780 So. 2d at 57-58; Fla. Stat. § 655.79(1) (2008). Their Signature Card did not contain an express disclaimer of that tenancy by the entirety. Rather, the Signature Card stated only that the account was a joint account and that "[j]oint accounts are owned as joint tenants with right of survivorship[,]" with no further elaboration. The creditor Storey Mountain points to no other writing than the Signature Card. Accordingly, the statement on the Del Amos' TD Bank Signature Card is insufficient to overcome the *Beal Bank* presumption, which is consistent with section 655.79(1), that their TD Bank account is held as a tenancy by the entirety.

## VI.  CONCLUSION

For these reasons, we **AFFIRM** the orders allowing Del Amo's claimed exemption of his TD Bank account.

**AFFIRMED.**